— In two related child protective proceedings pursuant to Family Court Act article 10, the father appeals from an order of fact-finding and disposition (one paper) of the Family Court, Suffolk County (Tarantino, Jr., J.), dated September 7, 2007, which, after fact-finding and dispositional hearings, inter alia, found that he had neglected the subject children and placed them in the care and custody of the Suffolk County Department of Social Services until the completion of a permanency hearing. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738 [1967]), in which he moves to be relieved of the assignment to prosecute this appeal.
Ordered that the motion is granted, Jason Bassett is relieved as counsel for the appellant, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,
Ordered that Steven A. Feldman, 626 Reckson Plaza, West Tower-6th Floor, Uniondale, N.Y. 11556, is assigned as counsel to perfect the appeal from the order of fact-finding and disposition dated September 7, 2007; and it is further,
Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order and the respondent shall serve and file its brief within 120 days of the date of this decision and order. By prior order on certification of this Court, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.
Upon this Court’s independent review of the record, we conclude that nonfrivolous issues exist, including, but not limited to, whether the finding of neglect was supported by a preponderance of the evidence, including evidence that the children’s emotional health had been impaired or was in im *674 minent danger of becoming impaired (see Family Ct Act § 1012 [f] [i]; § 1046 [b] [i]), whether the Family Court improvidently exercised its discretion in denying the appellant’s request for substitution of counsel without conducting any inquiry into the basis for his dissatisfaction with assigned counsel, and whether the appellant was afforded effective assistance of counsel. Spolzino, J.E, Florio, McCarthy and Dickerson, JJ., concur.